UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARY KILBRIDE

                Plaintiff,

  -against-

MERRILL LYNCH & CO., INC. BASIC LONG-
TERM DISABILITY PLAN, ADMINISTRATOR OF
MERRILL LYNCH & CO., INC. BASIC LONG-
TERM DISABILITY PLAN, MERRILL LYNCH &
CO., INC., TRUSTEES OF MERRILL LYNCH &
CO., INC. BASIC LONG-TERM DISABILITY
PLAN, METROPOLITAN LIFE INSURANCE CO.,
MERRILL LYNCH DISABILITY SERVICE CENTER,
MERRILL LYNCH & CO., INC. MEDICAL
PROGRAM, MERRILL LYNCH & CO, INC.
DENTAL PLAN, AND MERRILL LYNCH & CO.,
INC. LIFE INSURANCE PROGRAM

                Defendants.
------------------------------------------------------------------x

ANSWER

07-CIV-7092

## ANSWER AND AFFIRMATIVE DEFENSES OF MERRILL LYNCH DEFENDANTS

     Defendants Merrill Lynch & Co., Inc. Basic Long Term Disability Plan, Merrill Lynch & Co., Inc. in its capacity as the Plan Administrator for the Merrill Lynch & Co., Inc. Basic Long Term Disability Plan; and on behalf of the Defendants described as Trustees of the Merrill Lynch & Co., Inc. Basic Long-Term Disability Plan; Merrill Lynch & Co., Inc. Medical Program; Merrill Lynch & Co., Inc. Dental Plan; and Merrill Lynch & Co., Inc. Life Insurance Program (collectively "Merrill Lynch" or "Defendants"), hereby respond to the allegations in the Complaint of Mary Kilbride ("Kilbride") as follows:

     In response to Plaintiff's Preliminary Statement, Merrill Lynch admits that Plaintiff purports to bring her Complaint under ERISA, 29 U.S.C. § 1001, *et seq.*, but denies that Plaintiff is due any relief under said statute, or any relief whatsoever. Merrill Lynch further admits that

01533534.1

Plaintiff was formerly employed with Merrill Lynch & Co., Inc. as a secretary and that she ceased work on August 1, 1996 due to her alleged disability. Merrill Lynch admits that Plaintiff has experienced various medical conditions, but denies that she is eligible for continuing disability benefits pursuant to the terms and conditions of the Merrill Lynch & Co., Inc. Basic Long Term Disability Plan ("Plan"). Merrill Lynch also admits that Plaintiff was sent a letter dated August 25, 2004 terminating her benefits pursuant to the terms and conditions of the Plan. In further response, Merrill Lynch states that said letter speaks for itself. Merrill Lynch is without sufficient information to admit or deny the remaining allegations in Plaintiff's Preliminary Statement and therefore denies the same. Merrill Lynch specifically denies that Plaintiff is due the relief stated or any relief whatsoever.

## JURISDICTION

1. Paragraph 1 of the Complaint states a legal conclusion and, as such, no response is required. To the extent a response is deemed warranted, Merrill Lynch admits the allegations contained in paragraph 1 of the Complaint.

## VENUE

2. Paragraph 2 of the Complaint states a legal conclusion and as such, no response is required.

## THE PARTIES

3. Upon information and belief, Merrill Lynch admits that Plaintiff resides in Warren County, New York and that she was formerly employed as a secretary with Merrill Lynch & Co., Inc. Merrill Lynch denies the remaining allegations in paragraph 3 of Plaintiff's Complaint, and specifically denies that Plaintiff is disabled according to the terms and conditions of the Plan, and demands strict proof thereof.

4. To the extent the allegations in paragraph 4 of Plaintiff's Complaint state a legal conclusion, Merrill Lynch states that no response is necessary. To the extent a response is deemed warranted, Merrill Lynch states that Plaintiff has purported to bring a claim against the Merrill Lynch & Co., Inc. Basic Long Term Disability Plan, the Administrator of Merrill Lynch & Co., Inc. Basic Long Term Disability Plan, Merrill Lynch & Co., Inc., Trustees of Merrill Lynch & Co., Inc. Basic Long-Term Disability Plan, Metropolitan Life Insurance Company and Merrill Lynch Disability Service Center, but denies that some of the above-stated parties are proper parties to this action. Merrill Lynch further admits that the Merrill Lynch & Co., Inc. Basic Long Term Disability Plan is an employee welfare benefit plan as that term is defined under ERISA. Lastly, Merrill Lynch admits that Plaintiff was a participant in the Plan and received long-term disability benefits under the Plan for a period of time.

5. Merrill Lynch admits the allegations in paragraph 5 of Plaintiff's Complaint, but at this time is without sufficient information to admit or deny the allegations contained in the last sentence of paragraph 5 and therefore denies the same.

6. Merrill Lynch denies the allegations in paragraph 6 of Plaintiff's Complaint as stated.

### STATEMENT OF FACTS

7. Merrill Lynch admits that Plaintiff was formerly employed with Merrill Lynch & Co., Inc. as a secretary. Merrill Lynch is without sufficient knowledge to admit or deny the truth of remaining allegations in paragraph 7 of Plaintiff's Complaint.

8. Merrill Lynch admits that Plaintiff ceased working on or about August 1, 1996. Merrill Lynch is without sufficient information to admit or deny the truth of the remaining allegations in paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. In response to the allegations in paragraph 9 of Plaintiff's Complaint, Merrill Lynch states that Plaintiff's medical records contained in the Administrative Record will speak for themselves.

10. Merrill Lynch admits the allegations in paragraph 10 of Plaintiff's Complaint with respect to the time period in which Plaintiff was receiving long-term disability benefits.

11. In response to the allegations in paragraph 11 of Plaintiff's Complaint, Merrill Lynch states that Plaintiff's medical records contained in the Administrative Record will speak for themselves. To the extent Plaintiff refers to information in medical records not contained in the Administrative Record, Merrill Lynch is without sufficient information to admit or deny the truth of said allegations.

12. In response to the allegations in paragraph 12 of Plaintiff's Complaint, Merrill Lynch states that Plaintiff's medical records contained in the Administrative Record will speak for themselves. To the extent Plaintiff refers to information in medical records not contained in the Administrative Record, Merrill Lynch is without sufficient information to admit or deny the truth of said allegations.

13. In response to the allegations in paragraph 13 of Plaintiff's Complaint, Merrill Lynch states that Plaintiff's medical records contained in the Administrative Record will speak for themselves. To the extent Plaintiff refers to information in medical records not contained in the Administrative Record, Merrill Lynch is without sufficient information to admit or deny the truth of said allegations.

14. Merrill Lynch denies the allegations in paragraph 14, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

15. Merrill Lynch denies the allegations in paragraph 15, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

16. Merrill Lynch denies the allegations in paragraph 16, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

17. Merrill Lynch denies the allegations in paragraph 17, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

18. Merrill Lynch denies the allegations in paragraph 18 and subparts (a) – (c) thereto, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

19. Merrill Lynch denies the allegations in paragraph 19, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

20. Merrill Lynch denies the allegations in paragraph 20, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

21. Merrill Lynch denies the allegations in paragraph 21, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

22. In response to the allegations in paragraph 22 of Plaintiff's Complaint, Merrill Lynch states that Dr. Solomon's report included in the Administrative Record speaks for itself. Merrill Lynch denies the remaining allegations in paragraph 22 of Plaintiff's Complaint.

23. Merrill Lynch is without sufficient information to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. Merrill Lynch is without sufficient information to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. Merrill Lynch is without sufficient information to admit or deny the allegations in paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. Merrill Lynch denies the allegations in paragraph 26, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

27. Merrill Lynch denies the allegations in paragraph 27, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

28. Merrill Lynch denies the allegations in paragraph 28, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

29. Merrill Lynch denies the allegations in paragraph 29, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

30. At this time, Merrill Lynch is without sufficient information to admit or deny the allegations in paragraph 30 of Plaintiff's Complaint.

31. Merrill Lynch admits that Plaintiff appealed the termination of her long-term disability benefits in March 2005. Merrill Lynch is without sufficient information to admit or deny the allegations in paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32. To the extent the allegations in paragraph 32 of Plaintiff's Complaint state a legal conclusion, Merrill Lynch states that no response is necessary. To the extent a response is deemed warranted, Merrill Lynch respectfully refers the Court to the Administrative Record for its complete contents.

33. Merrill Lynch is without sufficient information to admit or deny the allegations in paragraph 33 of Plaintiff's Complaint.

34. Merrill Lynch admits that it sent Plaintiff a letter dated May 17, 2005 upholding its decision to terminate Plaintiff's long-term disability benefits pursuant to the terms and conditions of the Plan. In further response, Merrill Lynch states that said letter speaks for itself.

35. Merrill Lynch denies the allegations in paragraph 35 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

36. In response to the allegations in paragraph 36 of Plaintiff's Complaint, Merrill Lynch states that its letter dated May 17, 2005 speaks for itself. Merrill Lynch denies the remaining allegations in paragraph 36 of Plaintiff's Complaint as stated.

37. In response to the allegations in paragraph 37 of Plaintiff's Complaint, Merrill Lynch states that its letter dated May 17, 2005 speaks for itself. Merrill Lynch denies the remaining allegations in paragraph 37 of Plaintiff's Complaint as stated.

38. In response to the allegations in paragraph 38 of Plaintiff's Complaint, Merrill Lynch states that its letter dated May 17, 2005 speaks for itself. Merrill Lynch denies the remaining allegations in paragraph 38 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

39. Merrill Lynch denies the allegations in paragraph 39 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

40. Merrill Lynch denies the allegations in paragraph 40 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

41. Merrill Lynch denies the allegations in paragraph 41 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

42. Merrill Lynch denies the allegations in paragraph 42 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

43. Merrill Lynch denies the allegations in paragraph 43 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

44. Merrill Lynch denies the allegations in paragraph 44 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

45. Merrill Lynch denies the allegations in paragraph 45 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

46. Merrill Lynch is without sufficient knowledge to admit or deny the allegations in paragraph 46 of Plaintiff's Complaint, and therefore denies the same.

47. Merrill Lynch is without sufficient knowledge to admit or deny the allegations in paragraph 47 of Plaintiff's Complaint, and therefore denies the same.

48. Merrill Lynch denies the allegations in paragraph 48 of Plaintiff's Complaint, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

## **CLAIMS FOR RELIEF**

## **FIRST CLAIM FOR RELIEF**

49. In response to the allegations in paragraph 49 of Plaintiff's Complaint, Merrill Lynch states that the referenced document speaks for itself with respect to the Plan's definition of "totally disabled." In further response, Merrill Lynch states that the referenced letter speaks for itself.

50. In response to the allegations in paragraph 50 of Plaintiff's Complaint, Merrill Lynch states that the referenced document speaks for itself.

51. Merrill Lynch denies the allegations in paragraph 51, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

52. Merrill Lynch denies the allegations in paragraph 52, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

53. Merrill Lynch denies the allegations in paragraph 53 of Plaintiff's Complaint and demands strict proof thereof.

54. Merrill Lynch denies the allegations in paragraph 54 of Plaintiff's Complaint and demands strict proof thereof.

55. Merrill Lynch denies the allegations in paragraph 55 of Plaintiff's Complaint and demands strict proof thereof.

56. Merrill Lynch denies the allegations in paragraph 56 of Plaintiff's Complaint and demands strict proof thereof. In further response, Merrill Lynch denies that Plaintiff is due the relief requested or any relief whatsoever.

## SECOND CLAIM FOR RELIEF

57. Paragraph 57 of the Complaint states a legal conclusion and, as such, no response is required.

58. Paragraph 58 of the Complaint states a legal conclusion and, as such, no response is required.

59. Merrill Lynch denies the allegations in paragraph 59 and subparts (a) – (f) thereto, and demands strict proof thereof.

60. Paragraph 60 of the Complaint states a legal conclusion and, as such, no response is required.

61. Merrill Lynch denies the allegations in paragraph 61, as stated, and respectfully refers the Court to the referenced document for its complete contents.

62. In response to the allegations in paragraph 62 of Plaintiff's Complaint, Merrill Lynch states that said letter speaks for itself. Merrill Lynch denies the remaining allegations in paragraph 62 of Plaintiff's Complaint, and respectfully refers the Court to the Administrative Record for its complete contents.

63. Merrill Lynch denies the allegations in paragraph 63, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

64. Merrill Lynch denies the allegations in paragraph 64, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

65. In response to the allegations in paragraph 65 of Plaintiff's Complaint, Merrill Lynch states that the referenced letter speaks for itself. Merrill Lynch denies the remaining allegations in paragraph 65 of Plaintiff's Complaint.

66. Merrill Lynch denies the allegations in paragraph 66, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

67. Merrill Lynch denies the allegations in paragraph 67, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

68. Merrill Lynch denies the allegations in paragraph 68, as stated, and respectfully refers the Court to the Administrative Record for its complete contents.

69. Merrill Lynch denies the allegations in paragraph 69 of Plaintiff's Complaint and demands strict proof thereof.

70. Merrill Lynch denies the allegations in paragraph 70 of Plaintiff's Complaint and demands strict proof thereof. In further response, Merrill Lynch denies that Plaintiff is due the relief requested or any relief whatsoever.

## THIRD CLAIM FOR RELIEF

71. Paragraph 71 of the Complaint states a legal conclusion and as such, no response is required.

72. To the extent the allegations in paragraph 72 of Plaintiff's Complaint state legal conclusions, Merrill Lynch states that no response is required. In the event a response may be deemed necessary, Merrill Lynch denies the allegations in paragraph 72 except to the extent certain defendants were fiduciaries of the Plan.

73. Merrill Lynch denies the allegations in paragraph 73 of Plaintiff's Complaint and demands strict proof thereof. In further response, Merrill Lynch denies that Plaintiff is due the relief requested or any relief whatsoever.

## FOURTH CLAIM FOR RELIEF

74. Paragraph 74 of the Complaint states a legal conclusion and, as such, no response is required.

76. [sic] Paragraph 76 of the Complaint states a legal conclusion and, as such, no response is required.

77. Paragraph 77 of the Complaint states a legal conclusion and, as such, no response is required.

78. In response to the allegations in paragraph 78 of Plaintiff's Complaint, Merrill Lynch states that the complete contents of the Administrative Record will speak for themselves.

79. In response to the allegations in paragraph 79 of Plaintiff's Complaint, Merrill Lynch states that the complete contents of the Administrative Record will speak for themselves.

80. In response to the allegations in paragraph 80 of Plaintiff's Complaint, Merrill Lynch states that the complete contents of the Administrative Record will speak for themselves.

81. Merrill Lynch denies the allegations in paragraph 81 of Plaintiff's Complaint, as stated. In further response to the allegations in paragraph 81, Merrill Lynch states that the complete contents of the Administrative Record will speak for themselves.

82. Merrill Lynch denies the allegations in paragraph 82 of Plaintiff's Complaint, as stated. In response to the allegations in paragraph 82, Merrill Lynch states that the complete contents of the Administrative Record and the referenced document will speak for themselves.

83. Merrill Lynch denies the allegations in paragraph 83 of Plaintiff's Complaint, as stated. In response to the allegations in paragraph 83, Merrill Lynch states that the referenced documents will speak for themselves.

84. Merrill Lynch denies the allegations in paragraph 84 of Plaintiff's Complaint, as stated. In response to the allegations in paragraph 84, Merrill Lynch states that the referenced documents will speak for themselves.

85. Merrill Lynch denies the allegations in paragraph 85 of Plaintiff's Complaint and demands strict proof thereof. In further response, Merrill Lynch denies that Plaintiff is due the relief requested or any relief whatsoever.

## **PRAYER FOR RELIEF**

In response to the Prayer for Relief at the conclusion of the Fourth Claim for Relief in Plaintiff's Complaint, Merrill Lynch states that Plaintiff is not due the relief requested therein or any relief whatsoever. Merrill Lynch further states that Plaintiff's Complaint is due to be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are completely preempted and governed by the federal Employee Retirement Income Security Act of 1974 ("ERISA"), pursuant to the provisions of 29 U.S.C. Section 1001, et seq.

### SECOND DEFENSE

Merrill Lynch pleads that the transaction alleged was voluntarily undertaken, that the Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiff, that the terms of the Plan were fully disclosed to the Plaintiff, that the Plaintiff knowingly entered into the transaction, having either understood the transaction or having failed to avail herself of the opportunity to understand the transaction.

### THIRD DEFENSE

Plaintiff's complaint is barred by the doctrines of waiver, estoppel and laches.

### FOURTH DEFENSE

Plaintiff is barred from recovery in this action because of her failure to mitigate her alleged damages, if any.

### FIFTH DEFENSE

In further answer, and in the alternative, Merrill Lynch states that all actions taken were in accord with the Plan provisions, the denial of Plaintiff's claim for benefits was reasonable and neither arbitrary nor capricious, there was no abuse of discretion in the administration of the Plan with respect to Plaintiff, and the delegation of claims and appeal administration to Metropolitan Life Insurance Company was proper under the Basic Plan.

## SIXTH DEFENSE

If Plaintiff recovers benefits under the Plan, such benefits are subject to all of the applicable terms and conditions of the Plan, including the offset provisions for receipt of other benefits including benefits from Social Security, Worker's Compensation, or under State Law, and the twenty-four month Mental Health and Substance Abuse benefit limitation.

## SEVENTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the express terms and provisions of the employee welfare benefit plan at issue and as Plaintiff is not disabled pursuant to the terms and provisions of the employee welfare benefit plans at issue.

## EIGHTH DEFENSE

The causes of action and/or relief sought should be barred and/or precluded by virtue of the deferential standard of review which should be afforded to the claim determination.

## NINTH DEFENSE

Plaintiff's claims are barred because Merrill Lynch discharged its duties in the interest of the Plan participants and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

## TENTH DEFENSE

Plaintiff is precluded from recovering any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## ELEVENTH DEFENSE

Merrill Lynch asserts that Plaintiff failed to demonstrate her continued eligibility for benefits under the terms and provisions of the Plans.

**TWELFTH DEFENSE**

Merrill Lynch did not serve as either the Claims Administrator or Appeals Fiduciary with respect to its Basic Long-Term Disability Plan, and therefore did not make any decisions with respect to Plaintiff's initial claim or appeal submissions.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**FOURTEENTH DEFENSE**

Plaintiff's demand for a jury trial should be stricken pursuant to ERISA.

**FIFTEENTH DEFENSE**

To the extent that Kilbride purports to seek legal damages, said request should be stricken from Kilbride's Complaint for the reason that said damages are not recoverable under ERISA as a matter of law.

**SIXTEENTH DEFENSE**

Plaintiff's claims for statutory penalties are barred by absence of any harm or prejudice as a result of any delay or failure in providing the documents requested.

**SEVENTEENTH DEFENSE**

Plaintiff's claims for statutory penalties are barred because she cannot demonstrate that Defendants acted in bad faith in delaying or failing to provide the documents requested.

**EIGHTEENTH DEFENSE**

Plaintiff's claims for statutory penalties are barred by her ineligibility for any benefits under the Plan.

**NINETEENTH DEFENSE**

Any award of penalties in the present case would not further the purposes of 29 U.S.C. § 1132(c).

**TWENTIETH DEFENSE**

The Plans are governed by ERISA, which preempts any and all state or common law claims relating to benefits under the Plans.

**TWENTY-FIRST DEFENSE**

To the extent that Kilbride purports to seek compensatory, consequential and/or punitive damages, said request should be stricken from Kilbride's complaint for the reason that said damages are not recoverable under ERISA as a matter of law.

**TWENTY-SECOND DEFENSE**

Merrill Lynch asserts that Kilbride failed to demonstrate her eligibility for continuing benefits under the terms and provisions of the Plans.

**TWENTY-THIRD DEFENSE**

Plaintiff's claim for relief under §502(a)(3) is due to be dismissed as it is incompatible with Plaintiff's claim for benefits under §502 (a)(1)(B).  See Varity Corp. v. Howe, 516 U.S. 489 (1996).

**TWENTY-FOURTH DEFENSE**

The causes of action and/or relief sought should be barred and precluded to the extent a cause of action is asserted for breach of fiduciary duties as such a cause of action may not be asserted where benefits are sought under the terms of a plan.

## TWENTY-FIFTH DEFENSE

Merrill Lynch reserves the right to assert other defenses and claims when and if they become appropriate during this action.

WHEREFORE Merrill Lynch prays for judgment in its favor and against the Plaintiff together with all costs of these proceedings, including reasonable attorney's fees, and such other and further relief as may be warranted.

Dated: October 16, 2007

By: _____
Allan M. Marcus (AM-9027)
Attorneys for Defendants Merrill Lynch &
Co., Inc. Basic Long Term Disability Plan,
Merrill Lynch & Co., Inc. in its capacity as
the Plan Administrator for the Merrill Lynch
& Co., Inc. Basic Long Term Disability
Plan, Trustees of the Merrill Lynch & Co.,
Inc. Basic Long Term Disability Plan,
Merrill Lynch & Co., Inc. Medical Program;
Merrill Lynch & Co., Inc. Dental Plan; and
Merrill Lynch & Co., Inc. Life Insurance
Plan

**OF COUNSEL**
**LESTER, SCHWAB, KATZ & DWYER, LLP**
Attorneys at Law
120 Broadway
New York, NY 10271
(212) 341-4241 Telephone
(212) 267-5916 Facsimile
amarcus@lskdnylaw.com

**OF COUNSEL**
William B. Wahlheim, Jr.
John David Collins
Grace Robinson Murphy
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618

(205) 254-1000 Telephone
(205) 254-1999 Facsimile
wwahlheim@maynardcooper.com

To:
Gary Stone, Esq.
Legal Services for the Elderly
130 West 42nd Street, 17th Floor
New York, NY 10036-7803
(212) 391-0120
Attorney for Plaintiff