LSK&D #: 564-7013 / 927710
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARY KILBRIDE,

                                            Plaintiff,      **07 CV 7092 (CM)**

        -against-                                 **ANSWER**

MERRILL LYNCH & CO., INC. BASIC LONG-
TERM DISABILITY PLAN, ADMINISTRATOR
OF MERRILL LYNCH & CO, INC. BASIC
LONG-TERM DISABILITY PLAN, MERRILL
LYNCH & CO., INC., TRUSTEES OF
MERRILL LYNCH & CO., INC. BASIC LONG-
TERM DISABILITY PLAN, METROPOLITAN
LIFE INSURANCE CO, MERRILL LYNCH
DISABILITY SERVICE CENTER, MERRILL
LYNCH & CO., INC. MEDICAL PROGRAM,
MERRILL LYNCH & CO., INC. DENTAL PLAN,
AND MERRILL LYNCH & CO., INC. LIFE
INSURANCE PROGRAM,
                                            Defendants.
------------------------------------------------------------------x

      Defendant Metropolitan Life insurance Company ("MetLife"), by its attorneys Lester Schwab Katz & Dwyer, LLP, for its Answer to the Verified Complaint ("Complaint") states as follows:

      1A.    Denies the allegations in the "Preliminary Statement" of the Complaint, except admits that plaintiff worked as a secretary for Merrill Lynch & Co., Inc. until August 1, 1996, and that long-term disability ("LTD") benefits were paid to plaintiff through August 31, 2004.

## JURISDICTION

      1.    Declines to plead because the allegations in paragraph "1" of the Complaint state legal conclusions as to which no responsive pleading is required.

## VENUE

2.   Declines to plead because the allegations in paragraph "2" of the Complaint state legal conclusions as to which no responsive pleading is required.

## THE PARTIES

3.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint, except admits that plaintiff was formerly employed as a secretary for Merrill Lynch.

4.   Denies the allegations contained in the first sentence of paragraph "4" of the Complaint to the extent that they are intended to apply to MetLife; admits the allegations contained in the second sentence of paragraph "4" of the Complaint; and the allegations contained in the last sentence of paragraph "4" of the Complaint.

5.   Admits the allegations contained in paragraph "5" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of paragraph "5".

6.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

## STATEMENT OF FACTS

7.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint, except admits, upon information and belief, that plaintiff started working at Merrill Lynch in 1991.

8.   Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint, except admits that plaintiff stopped working on or about August 1, 1996.

9. Denies the allegations contained in paragraph "9" of the Complaint, except admits that plaintiff was diagnosed with fibromyalgia.

10. Admits the allegations contained in paragraph "10" of the Complaint.

11. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint, except admits that, since 1996, medical records reflect that plaintiff has received medical treatment for CFS.

12. Denies the allegations contained in paragraph "12" of the Complaint, as stated, except admits that plaintiff has been treated by various medical specialists.

13. Denies the allegations contained in paragraph "13" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

14. Denies the allegations contained in paragraph "14" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

15. Denies the allegations contained in paragraph "15" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

16. Denies the allegations contained in paragraph "16" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

17. Denies the allegations contained in paragraph "17" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

18. Denies the allegations contained in paragraph "18" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

19. Denies the allegations contained in paragraph "19" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

20. Denies the allegations contained in paragraph "20" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

21. Denies the allegations contained in paragraph "21" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

22. Denies the allegations contained in paragraph "22" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

23. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

25. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the Complaint.

26. Denies the allegations contained in paragraph "26" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

27. Denies the allegations contained in paragraph "27" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

28. Denies the allegations contained in paragraph "28" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

29. Denies the allegations contained in paragraph "29" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

30. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint, except admits that plaintiff submitted an appeal of the LTD benefits termination on or about March 2005.

32. Denies the allegations contained in paragraph "32" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

LESTER SCHWAB KATZ & DWYER LLP   •   120 BROADWAY   •   NEW YORK, NY 10271-10071

33. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34. Denies the allegations contained in paragraph "34" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

35. Denies the allegations contained in paragraph "35" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

36. Denies the allegations contained in paragraph "36" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

37. Denies the allegations contained in paragraph "37" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

38. Denies the allegations contained in paragraph "38" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

39. Denies the allegations contained in paragraph "39" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

40. Denies the allegations contained in paragraph "40" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

41. Denies the allegations contained in paragraph "41" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

42. Denies the allegations contained in paragraph "42" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

43. Denies the allegations contained in paragraph "43" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

44. Denies the allegations contained in paragraph "44" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

45. Denies the allegations contained in paragraph "45" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

46. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "46" of the Complaint.

47. Denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "47" of the Complaint.

48. Denies the allegations contained in paragraph "48" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

## FIRST CLAIM FOR RELIEF

49. Denies the allegations contained in paragraph "49" of the Complaint, as stated, and respectfully refers the Court to the referenced document for its complete contents.

50. Denies the allegations contained in paragraph "50" of the Complaint, as stated, and respectfully refers the Court to the referenced document for its complete contents.

51. Denies the allegations contained in paragraph "51" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

52. Denies the allegations contained in paragraph "52" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

53. Denies the allegations contained in paragraph "53" of the Complaint.

54. Denies the allegations contained in paragraph "54" of the Complaint.

55. Denies the allegations contained in paragraph "55" of the Complaint.

56. Denies the allegations contained in paragraph "56" of the Complaint.

## SECOND CLAIM FOR RELIEF

57. Declines to plead because the allegations in paragraph "57" of the Complaint state legal conclusions as to which no responsive pleading is required.

58. Declines to plead because the allegations in paragraph "58" of the Complaint state legal conclusions as to which no responsive pleading is required.

59. Denies the allegations contained in paragraph "59" of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

60.  Declines to plead because the allegations in paragraph "60" of the Complaint state legal conclusions as to which no responsive pleading is required.

61.  Denies the allegations contained in paragraph "61" of the Complaint, as stated, and respectfully refers the Court to the referenced document for its complete contents.

62.  Denies the allegations contained in paragraph "62" of the Complaint, as stated, and respectfully refers the Court to the referenced document for its complete contents.

63.  Denies the allegations contained in paragraph "63" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

64.  Denies the allegations contained in paragraph "64" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

65.  Denies the allegations contained in paragraph "65" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

66.  Denies the allegations contained in paragraph "66" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

67.  Denies the allegations contained in paragraph "67" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

LESTER SCHWAB KATZ & DWYER LLP  ·  120 BROADWAY  ·  NEW YORK, NY 10271-10071

68. Denies the allegations contained in paragraph "68" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

69. Denies the allegations contained in paragraph "69" of the Complaint.

70. Denies the allegations contained in paragraph "70" of the Complaint.

### THIRD CLAIM FOR RELIEF

71. Declines to plead because the allegations in paragraph "71" of the Complaint state legal conclusions as to which no responsive pleading is required.

72. Denies the allegations contained in paragraph "72" of the Complaint, except admits that certain defendants were fiduciaries of the LTD Plan.

73. Denies the allegations contained in paragraph "73" of the Complaint.

### ANSWERING FOURTH CLAIM FOR RELIEF

74. Declines to plead because the allegations in paragraph "74" of the Complaint, state legal conclusions as to which no responsive pleading is required.

75. (There is no paragraph "75" in the Complaint).

76. Declines to plead because the allegations contained in paragraph "76" of the Complaint state legal conclusions as to which no responsive pleading is required.

77. Declines to plead because the allegations in paragraph "77" of the Complaint state legal conclusions as to which no responsive pleading is required.

78. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Complaint.

LESTER SCHWAB KATZ & DWYER LLP • 120 BROADWAY • NEW YORK, NY 10271-10071

80. Denies the allegations contained in paragraph "80" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

81. Denies the allegations contained in paragraph "81" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

82. Denies the allegations contained in paragraph "82" of the Complaint, as stated, and respectfully refers the Court to the Administrative Claim File for its complete contents.

83. Denies the allegations contained in paragraph "83" of the Complaint, as stated, and respectfully refers the Court to the referenced documents for their complete contents.

84. Denies the allegations contained in paragraph "83" of the Complaint, as stated, and respectfully refers the Court to the referenced documents for their complete contents.

85. Denies the allegations contained in paragraph "85" of the Complaint.

86. Denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

87. Plaintiff's lawsuit should be dismissed because it fails to state a claim upon which relief can be granted.

88. Plaintiff's lawsuit should be dismissed as against MetLife because MetLife was not the claim fiduciary with authority to adjudicate Plaintiff's claim.

LESTER SCHWAB KATZ & DWYER LLP · 120 BROADWAY · NEW YORK, NY 10271-10071

89. Plaintiff's recovery of benefits, if any, should be reduced by her receipt of Social Security Disability Income Benefits, and other income benefits, as provided by the LTD Plan.

90. Plaintiff is not entitled to recovery because she failed to satisfy all conditions precedent to a claim for benefits in that she has, among other things, failed to present sufficient medical evidence demonstrating disability as defined by the LTD Plan.

91. Plaintiff is not entitled to recovery because she has failed to meet her burden under the terms of the LTD Plan to submit sufficient and satisfactory proof of her alleged disability.

92. Plaintiff is not entitled to recovery because she has not satisfied her duty to mitigate the damages she alleges she suffered from the denial of her claim by making no efforts or inadequate efforts to obtain alternate employment of which she is functionally capable.

93. Plaintiff's remedies are limited to those afforded by the Employee Retirement Income Security Act of 1974 ("ERISA").

94. Plaintiff's First Claim for Relief should be dismissed as against MetLife because MetLife was not the claim fiduciary with authority to adjudicate Plaintiff's claim.

95. Plaintiff's Second Claim for Relief should be dismissed because Plaintiff cannot sustain a claim under 29 U.S.C. § 1133 when an adequate remedy exists under 29 U.S.C. § 1132 (a)(1)(B).

96. Plaintiff's Second Claim for Relief should be dismissed as against MetLife because MetLife was not the claim fiduciary with authority to adjudicate Plaintiff's claim.

LESTER SCHWAB KATZ & DWYER LLP  •  120 BROADWAY  •  NEW YORK, NY 10271-10071

97.     Plaintiff's Third Claim for Relief should be dismissed because Plaintiff cannot sustain a claim under 29 U.S.C. § 1133 when an adequate remedy exists under 29 U.S.C. § 1132 (a)(1)(B).

98.     Plaintiff's Third Claim for Relief should be dismissed as against MetLife because MetLife was not the claim fiduciary with authority to adjudicate Plaintiff's claim.

99.     Plaintiff's Fourth Claim for Relief should be dismissed as against MetLife because MetLife was not the claim fiduciary with authority to adjudicate Plaintiff's claim.

**WHEREFORE**, Defendant MetLife demands judgment against Kilbride dismissing the Complaint with prejudice, together with its attorneys' fees and the costs and disbursements of this action, and for such other and further relief as the Court shall deem just and proper.

Dated:   New York, New York
         October 16, 2007

                                    Respectfully submitted,

                                    LESTER SCHWAB KATZ & DWYER, LLP

                                    _____
                                    Allan M. Marcus (AM-9027)
                                    120 Broadway
                                    New York, New York  10271
                                    (212) 341-4241
                                    Attorneys for Defendant
                                    Metropolitan Life Insurance Co.

TO:
Gary Stone, Esq.
Legal Services for the Elderly
130 West 42nd Street, 17th Floor

New York, New York 10036-7803
(212) 391-0120
Attorney for Plaintiff