UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
MARY KILBRIDE                                               :   07 Civ. 7092 (CM)
:   ECF Case
Plaintiff,                          :
:   **MERRILL LYNCH**
– against –                                 :   **DISABILITY SERVICE**
:   **CENTER'S ANSWER**
MERRILL LYNCH & CO., INC. BASIC LONG-TERM   :
DISABILITY PLAN, ADMINISTRATOR OF           :
MERRILL LYNCH & CO., INC. BASIC LONG TERM   :
DISABILITY PLAN, MERRILL LYNCH & CO., INC.  :
TRUSTEES OF MERRILL LYNCH & CO., INC.       :
BASIC LONG TERM DISABILITY PLAN,            :
METROPOLITAN LIFE INSURANCE CO., MERRILL    :
LYNCH DISABILITY SERVICE CENTER, MERRILL    :
LYNCH & CO., INC. MEDICAL PROGRAM,          :
MERRILL LYNCH & CO., INC. DENTAL PLAN, and  :
MERRILL LYNCH & CO., INC. LIFE INSURANCE    :
PROGRAM,                                    :
:
Defendants.                         :
:
------------------------------------------------------------------------x

Defendant, Merrill Lynch Disability Service Center ("Service Center"), by its attorneys, Begos Horgan & Brown LLP, for its answer to the complaint in this action, respond as follows:

### PRELIMINARY STATEMENT

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the preliminary statement, except admits that ERISA, 29 U.S.C. §1001 *et seq.*, governs plaintiff's claims

### JURISDICTION AND VENUE

2.  Denies each allegation in paragraphs 1 and 2 of the complaint, except admits that this Court has subject matter jurisdiction over this action.

**THE PARTIES**

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 through 6 of the complaint, except admits that Reed Group, Ltd., doing business as Service Center, provided administrative and ministerial services to the Metropolitan Life Insurance Company ("Met Life") and/or the Merrill Lynch & Co., Inc. Basic Long-Term Disability Plan ("LTD Plan").

**STATEMENT OF FACTS**

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 7 through 48 of the complaint, and requests leave to refer to the administrative record pertaining to plaintiff's claim for benefits under the LTD Plan ("Administrative Record") for its true and complete contents.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 49 and 50 of the complaint, and requests leave to refer to the LTD Plan documents for their true and complete terms.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 51 through 55 of the complaint, and requests leave to refer to the Administrative Record for its true and complete contents.

7. Denies each allegation in paragraph 56 of the complaint.

**SECOND CLAIM FOR RELIEF**

8. Responding to paragraphs 57 and 58 of the complaint, refers questions of law to the Court.

9. Denies each allegation in paragraph 59 of the complaint.

10. Responding to paragraph 60 of the complaint, refers questions of law to the Court.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the complaint, and requests leave to refer to the LTD Plan documents for their true and complete terms.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 62 through 69 of the complaint, requests leave to refer to the Administrative Record for its true and complete contents, and refers questions of law to the Court.

13. Denies each allegation in paragraph 70 of the complaint.

**THIRD CLAIM FOR RELIEF**

14. Responding to paragraph 71 of the complaint, denies that it is a plan fiduciary, and refers questions of law to the Court.

15. Denies each allegation in paragraphs 72 and 73 of the complaint.

**FOURTH CLAIM FOR RELIEF**

16. Responding to paragraphs 74 through 77 of the complaint, refers questions of law to the Court.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 78 through 85 of the complaint, and requests leave to refer to the Administrative Record and the LTD Plan documents for their true and complete contents and terms.

**FIRST DEFENSE**

Plaintiff has failed to state a claim against Service Center on which relief can be granted.

**SECOND DEFENSE**

Service Center provided only administrative and ministerial services to Met Life and/or the LTD Plan; accordingly, the declarations and damages plaintiff seeks in this action would not properly be directed toward, or awarded against, Service Center.

WHEREFORE, defendant, Merrill Lynch Disability Service Center, demands judgment dismissing the complaint and each and every claim for relief alleged against it therein; awarding its costs and disbursements in this action; awarding it a reasonable attorneys' fee; and awarding such other, further and different relief as the Court deems just and proper.

Dated:   Bronxville, New York
         November 28, 2007

                                             BEGOS HORGAN & BROWN LLP


                                             By: _____
                                                   Patrick W. Begos (PB4372)
                                             Attorneys for Merrill Lynch Disability Service Center
                                             7 Pondfield Road
                                             Bronxville, NY 10708
                                             (914) 961-4441