UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
MARY KILBRIDE,

                        Plaintiff,           INTERROGATORIES
                                            (to Met. Life Ins.)

                                                     07 Civ. 7092 (CM)
                                                      ECF CASE

   -against-

MERRILL LYNCH & CO., INC. BASIC LONG-
TERM DISABILITY PLAN, ADMINISTRATOR OF
MERRILL LYNCH & CO., INC. BASIC LONG-
TERM DISABILITY PLAN, MERRILL LYNCH &
CO., INC., TRUSTEES OF MERRILL LYNCH &
CO., INC. BASIC LONG-TERM DISABILITY
PLAN, METROPOLITAN LIFE INSURANCE CO.,
MERRILL LYNCH DISABILITY SERVICE CENTER,
MERRILL LYNCH & CO., INC. MEDICAL
PROGRAM, MERRILL LYNCH & CO., INC.
DENTAL PLAN, AND MERRILL LYNCH & CO.,
INC. LIFE INSURANCE PROGRAM

------------------------------------------x

        PLEASE TAKE NOTICE that Plaintiff, by her attorney, Gary Stone, Esq., hereby requests that Defendants Merrill Lynch & Co. Disability Service Center and the Metropolitan Life Insurance Company respond to the interrogatories set forth below in accordance with Rule 33, Federal Rules of Civil Procedure and Rule 33.3 of the Civil Rules of the Southern District of New York.

                          Definitions and Instructions

        A.    This request is governed by and incorporates by reference Rule 26.3 of the Civil Rules of the Southern District

of New York.

    B.    The term "document" has the broadest meaning allowable under Fed. R. Civ. P. Rule 34(a) and Rule 26.3 of the Civil Rules of the Southern District of New York.

    C.    The term "identify" has the broadest meaning allowable under Rule 26.3 of the Civil Rules of the Southern District of New York.

    D.    "Communication" means any correspondence, contact, discussion or exchange between any two or more persons or entities. Without limiting the foregoing, "communication" includes all documents, telephone conversations or face-to-face conversations, meetings and conferences.

    E.    "Deny" or "Denied" refers to when long term disability benefits are either denied when an initial claim is made or discontinued after benefits are reviewed.

    F.    "Grant" or "Granted" refers to when long term disability benefits are either granted when an initial claim is made or continued after benefits are reviewed.

    G.    References to "Defendants," refer to the Merrill Lynch & Co. Disability Service Center and the Metropolitan Life Insurance Company, any committees of said Defendants, their predecessors, successors, parents or subsidiaries, affiliates, or segments or divisions, and their present or former employees, agents, attorneys, accountants, officers, directors, trustees, or

trustees in bankruptcy, and also refers to one or more of the other named Defendants if indicated expressly or by context. In addition, to the extent the Merrill Lynch & Co. Disability Service Center and the Metropolitan Life Insurance Company have knowledge, information, or beliefs, permitting them also to respond to the interrogatories with respect to Merrill Lynch & Co. Basic Long Term Disability Plan, and its Administrator and Trustees, they are requested to do so respond.

      H.   "Claim" refers to both Plaintiff's initial claim for benefits and to the challenge to the termination of her benefits, including her appeal of their termination.

      I.   If an Interrogatory pertains to a document which at some time existed but no longer exists, then in response to that interrogatory, state what information was contained in the document; the time period during which it was maintained; and the custodian or custodians of the document during its period of existence.

      J.   If an Interrogatory seeks the identification of a natural person, and the individual so identified is not a party, set forth with particularity that person's name, last known home or business address and last known home or business telephone number.

      K.   If an Interrogatory seeks identification of a business entity, set forth with particularity its name, last

known telephone number, and last known mailing address.

  L. If an Interrogatory seeks identification of a communication, please state the date of the communication, the parties to the communication, and the mode of communication, and provide a synopsis of the contents of the communication.

  M. Terms in the plural include the singular and terms in the singular include the plural. "And" includes the word "or" and "or" includes the word "and." "All" includes the word "any" and "any" includes the word "all." The use of one gender shall include the other as appropriate in the context. Matters or actions referred to as existing or occurring in the present, where indicated by context, refer to matters or actions existing or occurring at all times relevant to the claim.

  N. In responding to this request, you are expected to comply with Local Rule 26.2 for each document responsive to this request withheld pursuant to a claim of privilege or work product.

  O. These interrogatories are to be deemed to be continuing.

## INTERROGATORIES

  1. Describe with specificity the relationships among the named Defendants, including those Defendants not represented by Allan M. Marcus, Esq., Lester Schwab Katz & Dwyer, to whom these interrogatories are served, and the role of each

4

Defendant with respect to: (a) its evaluation of Plaintiff's eligibility for benefits; (b) the payment of benefits to Plaintiff prior to their termination, and (c) the payment of benefits to Plaintiff in the event that Plaintiff's benefits are reinstated.

2. Identify each person or entity who participated in the processing, investigation, review, or evaluation of Plaintiff's eligibility. For each person identified state that person's name; current job title; all previous job titles, the dates that person held each job title listed, the person's licenses and other credentials. If any identified person is not an employee of Defendants, identify that person's employment, licenses, and other qualification. Attach the resume or curriculum vitae of any medical professional or occupational consultant identified.

3. With respect to Sheldon Solomon, M.D., whose report was relied upon in the decision to terminate Plaintiff's benefits: (a) specify any remuneration provided to him by Defendants for his examination of, and preparation of a written report on, Plaintiff.

4. Have Defendants ever paid Dr. Solomon to examine, and prepare reports on, other claimants?

5. If so, specify (a) how many said claimants he has examined and (b) the outcome of their claims.

6. If any other physicians or institutions authored or supplied reports or records that were a factor in Defendants' decision to terminate Plaintiff's benefits: (i) identify the physicians or institutions and the reports or records; (ii) identify which of said physicians or institutions, if any, received payment from Defendants to evaluate, directly or through document review, other claimants at any time between 2003 and 2006, and (iii) list the dates of the evaluations and indicate how Defendants subsequently disposed of the claims.

7. State whether any other expert or non-expert source was relied upon by Defendants in determining that Plaintiff was no longer eligible for benefits, and, if so, list each such source and specify why and how the source was used.

8. If Defendants decided not to refer Plaintiff's claim to a vocational consultant for an occupational review, identify the persons responsible for the decision and the reason, if any, the decision was made.

9. If Defendants decided not to refer Plaintiff's claim to a vocational consultant, describe, in detail, how the functional requirements of her job were determined, and identify the person making the determination.

10. Specify and attach copies of any rules, guidelines, protocols, or criteria, whether published or internal, which were used in whole or in part in evaluating

Plaintiff's claim.

      11.    Identify what procedures, if any, were used by Defendants to ensure their compliance with their fiduciary obligation, under 29 C.F.R. § 2560.503-1(b)(5), to treat similarly situated claimants "consistently."

      12.    Identify what procedures, if any, were used by Defendants to ensure their compliance with their obligation, under ERISA § 503, 29 U.S.C. § 1133, 29 C.F.R. § 2560.503-1, to provide a full and fair review of all claims.

      13.    Identify and describe all financial incentives, bonuses, commissions or other monetary awards for all employees of Defendants who were involved in the review of disability claims since January 1, 2003.

      14.    Set forth the compensation and name of any individual or entity identified in response to Interrogatory 2 that is directly or indirectly affected by the number or percentage of claims that are granted or denied. If so, attach any documents which evidence, record, reflect or refer to such compensation.

      15.    Identify whether promotion, demotion, or layoff or termination decisions are made with respect to any individual identified in response to Interrogatory 2 who is directly or indirectly affected by the number or percentage of claims that are granted or denied. If so, attach any documents

which evidence, record, reflect or refer to that practice.

16. Were any of the individuals or entities identified in response to Interrogatory 2 ever told, individually or collectively, either orally or in writing, that he or she should increase the number or percentage of claims that are denied (either in general or for claims based on fibromyalgia or chronic fatigue syndrome in particular? If in writing, attach the document by which this was communicated.

17. Identify the name and title of the person or persons answering these interrogatories.

.

Dated:   Brooklyn, New York
         January 8, 2008

*Gary Stevens*
GARY STONE (GS5563)
Attorney for Plaintiff
South Brooklyn Legal Services
105 Court Street 3rd floor
Brooklyn, New York 11201
(646) 442-3316


TO:  Allan M. Marcus, Esq.
     Lester Schwab Katz & Dwyer, LLP
     120 Broadway
     New York, New York  10271-0071
     (212) 341-4241

     Kevin G. Horbatiuk, Esq.
     Russo, Keane & Toner, LLP
     26 Broadway
     New York, New York 10004
     (212) 482-0002

## AFFIDAVIT OF SERVICE
## BY REGULAR MAIL

STATE OF NEW YORK )
: ss.:
COUNTY OF KINGS )

  **HELEN BUTLER**, being duly sworn, deposes and says:

  Deponent is not a party to the action, is over 18 years of age and works at **Brooklyn Legal Services Corp. B, 105 Court Street, Brooklyn, New York 11201.**

  On **January 8, 2008** deponent served the within `1 copy of the Plaintiff's Interrogatories - 1 TO Merrill Lynch, et al.` **(Mary Kilbride v. Merrill Lynch & Co., Inc., et al) Index No. 07-civ. 7092 CM)** on the parties listed below by regular mail being the addresses designated by said parties for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to:

> Allan M. Marcus, Esq
> Lester Schwab Katz & Dwyer, LLP
> 120 Broadway
> New York, NY 10271
>
> Kevin Horbatiuk
> Russo, Keane & Toner, LLP
> 26 Broadway
> New York, NY 10004

                _____
                   HELEN BUTLER

Sworn to before me this
8th day of January, 2008.

_____
NOTARY PUBLIC

CARMEN I. VELEZ
Notary Public, State of New York
No. 01VE4750036
Qualified in Richmond County
Commission Expires April 30, 2011