UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

MARY KILBRIDE                                                            07 CV 7092 (CM)

                              Plaintiff,                                 Plaintiff's Request
                                                                         for Production
                   -against-                                             of Documents

Merrill Lynch & Co., Inc. Basic Long-term Disability Plan,
Administrator of Merrill Lynch & Co., Inc. Basic Long-term
Disability Plan, Merrill Lynch & Co., Inc., Trustees of Merrill
Lynch & Co., Inc. Basic Long-term Disability Plan, Metropolitan
Life Insurance Co., Merrill Lynch Disability Service Center,
Merrill Lynch & Co., Inc. Medical Program, Merrill Lynch & Co., Inc.
Dental Plan, and Merrill Lynch & Co., Inc. Life Insurance Program

                              Defendants.
-----------------------------------------------------------------------X

           PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. Rule 34,

Plaintiff requests that Defendants Merrill Lynch & Co. Disability Service Center and the

Metropolitan Life Insurance Company, produce the following writings and things within

their possession, custody or control or that of their representatives, agents, employees or

attorneys for inspection and copying at the offices of Gary Stone,  Esq., South Brooklyn

Legal Services, 105 Court Street 3rd floor, Brooklyn, New York 11201, within 30 days of

the service of this document.

                        Definitions and Instructions

           A.     This request is governed by and incorporates by reference Rule

26.3 of the Civil Rules of the Southern District of New York.

                                       1

B.    The term "document" has the broadest meaning allowable under Fed. R. Civ. P. Rule 34(a) and Rule 26.3 of the Civil Rules of the Southern District of New York.

C.    References to "Defendants," unless indicated otherwise, refers to all named Defendants, and includes their committees, their predecessors, successors, parents or subsidiaries, affiliates, or segments or divisions, and their present or former employees, agents, attorneys, accountants, officers, directors, trustees, or trustees in bankruptcy.

D.    "Communication" means any correspondence, contact, discussion or exchange between any two or more persons or entities. Without limiting the foregoing, "communication" includes all documents, telephone conversations, e-mail, or face-to-face conversations, meetings and conferences.

E.    "Plan" means the Merrill Lynch & Co., Inc. Basic Long-term Disability Plan, any policy forming a part thereof, its predecessors, successors, parents or subsidiaries, affiliates, or segments or divisions, and its present or former employees, agents, attorneys, accountants, officers, directors, trustees, or trustees in bankruptcy

F.    "Claim" means any application or dispute of termination of benefits, and any determination of eligibility or continuing eligiblity for benefits, under the Plan.

G.    Terms in the plural include the singular and terms in the singular include the plural. "And" includes the word "or" and "or" includes the word "and." "All" includes the word "any" and "any" includes the word "all". The use of one gender shall include the other as appropriate in the context.

2

H.     In responding to this request, you are expected to comply with Local Rule 26.2 for each document responsive to this request withheld pursuant to a claim of privilege or work product.

I.     These document requests are to be deemed to be continuing.  If Defendants believe that in the course of this litigation a requested document has already been supplied, Defendants shall, with the greatest degree of specificity possible, identify said document and the date it was supplied.

### Documents Requested

1.     All relevant plan or policy documents not already submitted pursuant to the Metropolitan Life Insurance Company's disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure (Bates Stamped MLO244 to ML0297).

2.     All contracts between or among the named Defendants other than the Administrative Service Agreement already submitted pursuant to the Metropolitan Life Insurance Company's disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure (Bates Stamped MLO205-ML0243).

3.     All documents that evidence, record, reflect or refer to internal rules, regulations, guidelines, or training manuals of Defendants in effect from the time of Plaintiff's hire in 1996 by Merrill Lynch & Co. to the present, with respect to determinations of eligibility or continued eligibility for benefits under the Plan; and with respect to appeals from such determinations.

4. All documents which evidence, record, reflect or refer to internal rules, regulations, guidelines, or training manuals of Defendants in effect from the time of Plaintiff's hire in 1996 by Merrill Lynch & Co. to the present, with respect to the hiring,

retaining or commissioning of outside medical or vocational professionals to perform physical examinations, functional capacity evaluations and/or document reviews.

5.    All documents that evidence, record, reflect or refer to any Communication by any Defendants and (a) Plaintiff's treating physicians and medical professionals; (b) the Plan (c) any outside medical, vocational or other consultant with respect to plaintiff and/or her claim for benefits.

7.    A copy of the file(s), and all documents contained therein, maintained by any of the Defendants with respect to Plaintiff and/or her claim for benefits.

8.    A printout of all information maintained by Defendants with respect to Plaintiff on Defendants' computer system, including without limitation, any e-mail, logs or notes of telephone conversations.

9.    All documents reviewed or generated by Defendants (a) granting and terminating plaintiff's long term disability benefits under the Plan; and (b) denying plaintiff's appeals of adverse determinations made with respect to her eligibility for benefits.

10.    All documents that evidence, record, reflect or refer to contracts and correspondence with, payments to, and the notes and reports of, any outside medical professional(s) who conducted a physical examination of plaintiff, a functional capacity evaluation of plaintiff and/or a medical document review with respect to plaintiff.

11.    All documents that evidence, record, reflect or refer to the curriculum vitae of any in-house or outside medical professionals who conducted a

4

physical examination of plaintiff, a functional capacity evaluation of plaintiff and/or a medical document review with respect to plaintiff.

12.     A copy of the file, and all documents contained therein, maintained by any outside medical professional with respect to plaintiff and/or his claim for benefits.

13.     All documents that evidence, record, reflect or refer to contracts and correspondence with, payments to, and the notes and reports of, any rehabilitation, occupational, or other outside consultant hired or retained by Defendants with respect to plaintiff and/or her claim for benefits.

14.     A copy of the file, and all documents contained therein, maintained by any rehabilitation, occupational, or other outside consultant with respect to plaintiff and/or her claim for benefits.

15.     All documents that evidence, record, reflect or refer to the curriculum vitae of any rehabilitation, occupational, or other outside consultant hired or retained by any of the Defendants with respect to plaintiff and/or his claim for benefits.

16.     All documents that evidence, record, reflect or refer to minutes of any meeting in which plaintiff and/or plaintiff's claim was discussed.

17.     All documents that evidence, record, reflect or refer to the organizational structure maintained by Defendants with respect to claims and/or appeals.

18.     All documents that evidence, record, reflect or refer to any arrangements tying employee compensation and/or bonuses to claim outcomes or to the benefits accruing to Defendants as a consequence of such outcomes.

19.    All documents that evidence, record, reflect or refer to estimates

and/or projections of the cost of plaintiff's claim and benefits.

Dated: Brooklyn, New York
       January 8, 2008

*Gary Stone*

GARY STONE (GS5563)
Attorney for Plaintiff
South Brooklyn Legal Services
105 Court Street 3rd floor
Brooklyn, New York 11201
(646) 442-3316

TO:    Allan M. Marcus, Esq.
       Lester Schwab Katz & Dwyer, LLP
       120 Broadway
       New York, New York  10271-0071
       (212) 341-4241

       Kevin G. Horbaituk, Esq.
       Russo, Keane & Toner, LLP
       26 Broadway
       New York, New York 10004
       (212) 482-0002

**AFFIDAVIT OF SERVICE
BY REGULAR MAIL**

STATE OF NEW YORK )
                               : ss.:
COUNTY OF KINGS  )

      **HELEN BUTLER,** being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and works at **Brooklyn Legal Services Corp. B, 105 Court Street, Brooklyn, New York 11201.**

      On **January 8, 2008** deponent served the within **2 copies of the Plaintiff's Request for Production of Documents - 1 TO Merrill Lynch, et al; and 1 to Met. Life Ins.** **(Mary Kilbride v. Merrill Lynch & Co., Inc., et al) Index No. 07-civ. 7092 CM)** on the parties listed below by regular mail being the addresses designated by said parties for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to:

               Allan M. Marcus, Esq
               Lester Schwab Katz & Dwyer, LLP
               120 Broadway
               New York, NY 10271

               Kevin Horbatiuk
               Russo, Keane & Toner, LLP
               26 Broadway
               New York, NY 10004

                                _Helen Butler_
                                  HELEN BUTLER

Sworn to before me this
8th day of January, 2008.

_Carmen I. Velez_
NOTARY PUBLIC

CARMEN I. VELEZ
Notary Public, State of New York
No. 01VE4750036
Qualified in Richmond County
Commission Expires April 30, 2011